

```
                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION
```
ENTERED
01/10/2019

| | | |
|---|---|---|
| IN RE: | § | |
| LESLY L LUITHLE | § | CASE NO: 17-33240 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| LESLY L LUITHLE | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 18-3095 |
| | § | |
| SUSAN MARIE LUITHLE | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

On May 16, 2018, the plaintiff, Lesly Luithle, initiated this adversary proceeding by filing a complaint to determine dischargeability of debt. A bench trial was held on January 7, 2018. This memorandum opinion amends the oral rendition made after trial; however, the Court's ruling regarding dischargeability remains unchanged. The Court will enter a separate judgment in this adversary proceeding. The previously scheduled hearing for entry of judgment on January 30, 2019, is canceled.

Plaintiff Lesly Luithle, who is the defendant's ex-husband, is the debtor in the underlying bankruptcy case. The plaintiff and the defendant, Susan Luithle, were married in 1979. They raised a son, born in 1980, and a daughter, born in 1984. The plaintiff is 61 years old and the defendant is 59 years old. During the 34 years the parties were married, the plaintiff was the primary income earner and he routinely earned more than $200,000 per year. During the marriage, the plaintiff handled household financial matters and made most of the major financial decisions. The plaintiff and defendant were divorced on June 23, 2014. Their divorce decree (ECF No. 1, Ex. 1) provides for alimony to the defendant as follows: $4,500.00 per month from

May 1, 2014, to April 1, 2019; $4,250.00 per month from May 1, 2019, to April 1, 2021; and $3,500.00 per month from May 1, 2021 to April 1, 2024.  The total alimony ordered totals $498,000.00.  At the time of the divorce, the total amount of alimony to be paid by the plaintiff to the defendant over a ten-year period was approximately 2.5 times the plaintiff's yearly salary.

There were also obligations or debts in the divorce decree not labeled as alimony, maintenance, or support.  The plaintiff was ordered to pay the defendant 50% of his 401(k) plan or $80,000, whichever was greater, on or before May 1, 2019.  The divorce decree also ordered the plaintiff to maintain a life insurance policy worth $500,000 listing the defendant as sole beneficiary until May 1, 2024 (the alimony termination date) and to pay the annual premium on that policy. The divorce decree also ordered the Plaintiff to pay a USAA credit card from the proceeds of the marital homestead awarded to him and to hold the defendant harmless and indemnify her for the obligation.  It is these obligations not labeled as alimony, maintenance, or support that are at the core of this adversary proceeding.

This Court must determine if certain debts resulting from the divorce decree are dischargeable.  Pursuant to 11 U.S.C. § 523(a)(5), a "domestic support obligation" cannot be discharged.  Pursuant to 11 U.S.C. § 101(14A)(B), a domestic support obligation includes a debt that is "in the nature of alimony, maintenance, or support" of a former spouse.  However, any obligation created by the divorce decree that is not in the nature of alimony, maintenance, or support would be dischargeable pursuant to 11 U.S.C. § 1328(a).  These debts are dischargeable at the completion of payments under a Chapter 13 plan.  This vestige of the pre-BAPCPA[1] "super" discharge is why some debtors choose Chapter 13 to discharge a "nonsupport" domestic obligation that would otherwise be non-dischargeable under 11 U.S.C. 523(a)(15).

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) (Pub.L. 109–8, 119 Stat. 23, enacted April 20, 2005), is a legislative act that made several significant changes to the United States Bankruptcy Code.

The exception to discharge in § 1328(a) for debts of the kind specified in § 523(a)(5) was not changed by BAPCPA; however, the new definition of domestic support obligation in § 101(14A) enlarged the universe of debts that are non-dischargeable under § 523(a)(5). The non-dischargeable domestic support obligation in this case is defined in § 101(14A) as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, **without regard to whether such debt is expressly so designated**; (*court's emphasis*)
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This Court must determine which aspects of the divorce decree are dischargeable and what aspects are not. The Court does note that the debtor's testimony as to his activities post-petition may be grounds for dismissal or conversion of this case to a Chapter 7. He testified that he received an unreported bonus after the petition was filed. He also testified that he made unauthorized payments to creditors. He also indicated that he failed to disclose certain debts in his bankruptcy schedules. However, no motion to dismiss is pending.

This Court has jurisdiction to determine whether certain debts are domestic support obligations, and whether those debts can be discharged. The Court has jurisdiction pursuant to

28 U.S.C. §§ 157(b) and 1334, as well as the order of reference in bankruptcy cases in the Southern District of Texas. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

The defendant has raised as an affirmative defense that certain obligations are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2); however, the deadline to file such a complaint expired on September 3, 2017, and the defendant did not raise the defense until July 31, 2018. Therefore, the Court finds this claim time barred pursuant to Bankruptcy Rule 4007(c).

The parties have made certain stipulations that the Court adopts. The Court grants a non-dischargeable judgment for stipulated unpaid pre-petition alimony pursuant to the joint pre-trial statement (ECF No. 14) filed in this case. The stipulated sum of $39,000 of pre-petition unpaid alimony (ECF No. 14, pg. 5) is non-dischargeable. Also, any amounts due to miscellaneous charges that the plaintiff was ordered to pay such as cellular phone charges, medical insurance, and auto insurance (ECF No. 14, pg. 7) are non-dischargeable.

The Court finds the joint credit card debt with USAA that was assigned to the plaintiff in the divorce decree is not alimony, maintenance or support under 11 U.S.C. § 101(14A)(B). The Court finds that the plain intent of the divorce decree was that the payment of this debt was in the nature of a property division; therefore, this obligation is dischargeable. The Court notes that the defendant, as a joint account holder, could have simply called USAA and canceled the credit card at any time. Further, any indemnification created by the divorce decree is also part of the property division and is dischargeable.

The plaintiff was required to keep and maintain certain life insurance coverage with the defendant listed as the beneficiary. The Court finds this obligation is in the nature of support and alimony; therefore, it is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). The plain intent of the divorce decree is that this life insurance was to provide surety to the defendant in the event of

the plaintiff's death. The coverage was primarily intended to protect the continuation of alimony in the event of plaintiff's death as shown by the date the life insurance obligation terminated. It was also designed to protect the plaintiff's obligation to pay the defendant a portion of his 401(k) plan. While the Court is cognizant of the plaintiff's claim that his current death or death before May 1, 2024, would create a windfall for the defendant because the face amount of the life insurance exceeds the amount of alimony and 401k currently due, the Court lacks the ability to re-write the divorce decree and is limited to a determination of dischargeability. The Court is sympathetic to the request to lower the amount of required life insurance to the amount currently due in alimony; however, it simply cannot rewrite the divorce decree or change its terms.

The Court finds that the 401(k) obligation in the divorce decree is in the nature of support and is non-dischargeable. The Court makes this finding based on the following facts: the plaintiff and defendant were married for 34 years, the large earning disparity between the parties, the limited ability of the defendant to save for retirement or work at a job that even offered retirement benefits, and the plaintiff being the primary wage earner during the marriage. Clearly, with respect to the 401(k), the divorce decree was intended to provide support for the debtor when she retired. The defendant's income during the marriage was substantially less than the plaintiff's, and that disparity has continued after the divorce. The defendant is 59 years old and she will stop receiving contractual alimony payments at age 64. Absent the 401(k) award in the divorce decree, she will have limited retirement income or assets. This leads the Court to conclude the 410(k) payment awarded to her in the divorce decree is in the nature of support pursuant to 11 U.S.C. § 101(14A)(B) and not a property division. Accordingly, the Court finds that the 401k award is non-dischargeable under 11 U.S.C. § 523(a)(5). The plaintiff must pay

$80,000[2] to the defendant under the terms of the divorce decree not later than May 1, 2019. Should this amount not be paid, the defendant is entitled to a judgment in this amount pursuant to the terms of the divorce decree. If the plaintiff fails to pay these funds, the Court will allow the defendant to reopen this adversary proceeding and obtain a liquidated non-dischargeable judgment against the plaintiff for $80,000.

The Court's analysis of whether the obligations created by the divorce decree are in the nature of support, alimony, or maintenance is a two-step process. First, the Court looks to the intent of the parties. Therefore, if the divorce decree itself provided enough evidence of the parties' intent, then the analysis should stop. *In re Evert*, 342 F.3d 358 (5th Cir. 2003); *see also In re Nugent*, 484 B.R. 671 (Bankr. S.D. Tex. 2012). In each of the non-dischargeable findings, the Court finds the plain intent of the parties was to create protection for alimony payments or for support for the defendant's future retirement. Alternatively, if the parties' intent is ambiguous, the Court uses the factors set forth in *In re Nunnally*, 506 F.2d 1024, 1027 (5th Cir. 1975) to determine if the obligations constitutes alimony, support, and maintenance. In this case the parties' disparity in earning capacity, the relative business opportunity, physical condition, educational background, their probable future financial needs, and the benefits each party would have received had the marriage continued support a finding that these obligations are in the nature of alimony, support or maintenance and are non-dischargeable.

Counsel for the defendant has made a request for attorney's fees. The Court declines to grant that request and adopts the American Rule[3] for dischargeability complaints. The Court also finds that this is not an enforcement action under the terms of the divorce decree; therefore,

---

[2] The plaintiff liquidated the 401k after the divorce, so it no longer exists.
[3] The American Rule is a legal rule controlling assessment of attorney's fees arising out of litigation. The American Rule provides that each party is responsible for paying its own attorney fees unless specific authority granted by statute or contract allows the assessment of those fees against the other party.

the contractual terms regarding the recovery of attorney's fees for an enforcement action contained in the divorce decree are not applicable in this adversary proceeding.

The Court concludes by thanking the lawyers for the proper prosecution and defense of this adversary proceeding. The Court also thanks plaintiff and defendant for their participation and honest testimony. The Court finds both the plaintiff and defendant to be credible witnesses.

Accordingly, pursuant to 11 U.S.C. §§ 1328(a), 101 (14A) (B), 523(a)(5) and 523(a)(15), **IT IS ORDERED** that the joint credit card debt with USAA that was assigned to the plaintiff in the divorce decree is dischargeable should the plaintiff make all required payments under a confirmed Chapter 13 plan and receive a discharge pursuant to 11 U.S.C. § 1328(a).

**IT IS FURTHER ORDERED** that the following debts or obligations are non-dischargeable in this or any other subsequent bankruptcy:

(a) the stipulated sum of $39,000 of pre-petition unpaid alimony;

(b) any amounts due to miscellaneous charges that the plaintiff was ordered to pay such as cellular phone charges, medical insurance, auto insurance;

(c) the divorce decree's obligation to keep and maintain life insurance; and

(d) the 401(k) provision in the divorce decree.

SIGNED: 01/10/2019.

_____
Jeffrey P. Norman
United States Bankruptcy Judge